UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA RAJKOWSKA,

        Plaintiff,        Civil Action No. 18-13135

v.        Magistrate Judge Elizabeth A. Stafford

YASMINE COKER-SIMMONS,

        Defendant.

_____/

**ORDER ABOUT MOTION TO CONSOLIDATE CASES (ECF NO. 35)**
**AND SCHEDULING DATES**

Plaintiff Barbara Rajkowska moved to consolidate this case for trial with Case No. 19-10561, her action against Pioneer State Mutual Insurance Company, under Federal Rule of Civil Procedure 42. Both cases relate to Rajkowska's injuries from a July 2018 accident in Troy, Michigan. The Court held a hearing on Rajkowska' motion to consolidate on October 13, 2021.

"The underlying purpose of Rule 42 is to promote economy in the administration of justice." *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 439 (S.D. Ohio 2015). Under Rule 42(a), if actions involve "a common questions law or fact," a court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions;

or (3) issue any other orders to avoid unnecessary cost or delay." But a "court may order a separate trial of one or more separate issues [or] claims" because of "convenience, to avoid prejudice, or to expedite and economize," while preserving the right to a jury trial. Rule 42(b). "[C]onsolidation under Rule 42 is a matter within the discretion of the Court and is reviewed only for abuse of discretion." *Guild Assocs.*, 309 F.R.D. at 440.

The parties do not dispute that common issues underlie Rajkowska's two actions. Rajkowska also emphasizes that she is a German citizen and that she would be burdened by having to travel to this district for separate trials. Defendant Yasmine Coker-Simmons responds that Rajkowska chose to file her action in this district and has sought medical care here. But Rajkowska sues in this district because the accident happened here. The Court finds that Rajkowska's burden in having to travel twice from Germany for trial is a legitimate consideration.

Coker-Simmons also argues that she would be prejudiced if the jury knows that she has insurance coverage. This concern has merit. Because of the possible prejudice to a defendant if the jury considers her insurance coverage, the general rule is that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted

negligently or otherwise wrongfully." Fed. R. Evid. 411.[1] And courts have recognized the potential prejudice to a defendant when insurance coverage is raised during trial. *See, e.g., Pollard v. Wood*, No. CIV.A. 5:05-444-JMH, 2006 WL 782739, at *1 (E.D. Ky. Mar. 27, 2006).

Another relevant consideration is that Coker-Simmons and Pioneer State are represented by the same counsel.

Because of these considerations, and in the interest of judicial economy, the Court proposed at the October 13 hearing to have a single jury sit for a bifurcated trial. The jury will be told at the beginning that the trial will be in two parts. During the first part, the jury will decide whether Coker-Simmons is liable and, if so, assess damages against her, without any mention of Pioneer State being a defendant or providing insurance coverage. After the verdict as to Coker-Simmons, the jury will then address the claims against Pioneer State. During this second portion of the trial, the parties will be bound by any overlapping factual and legal findings the jury makes during the first portion of the trial.

After being given a chance to respond the Court's proposal, neither counsel stated that his clients would be prejudiced by a single, bifurcated

---

[1] "But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Rule 411.

trial.  As such, the bifurcated trial is scheduled for **Tuesday, January 18, 2022, at 9:00 a.m.**  Motions in limine must be filed by **December 6, 2021**, and a final pretrial conference will be held on **January 4, 2022.**

**IT IS SO ORDERED.**

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: October 13, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2021.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager